UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TREYSON DARON REED,

    Defendant.

Case No. 15-20171
Honorable Laurie J. Michelson

**ORDER ON DEFENDANT'S MOTION FOR INEFFECTIVE ASSISTANCE OF COUNSEL [14]**

Defendant Treyson Reed pled guilty to one count of attempted robbery affecting interstate commerce in violation of the Hobbs Act, 18 U.S.C. § 1951, and one count of using or carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). The Court sentenced Reed on October 21, 2015 to 92 months' imprisonment, including the mandatory, consecutive 84 months for the § 924(c) conviction. Judgment was entered on October 28, 2015. (ECF No. 10.) Under the terms of a Rule 11 plea agreement, Reed waived any direct appeal of this sentence. (ECF No. 8, PageID.23.) But he did preserve his right to raise a claim of ineffective assistance of counsel on collateral review. (*Id*.)

Reed submitted a letter on March 15, 2019, claiming he received ineffective assistance of counsel. (ECF No. 14.) Reed apparently was unable to review some discovery on a laptop at the prison back in March of 2015. (*Id*.) He says "to this day I have not received any evidence" and "did not understand the entire document to which I signed to." (*Id*.) As a result, he feels he "[has] not had a full and fair opportunity to confer with his lawyer," resulting in ineffective assistance of counsel. (*Id*.)

To prevail on a motion under 28 U.S.C. § 2255 motion, "[Reed] must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea[.]" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). Ineffective-assistance-of-counsel claims are an appropriate basis for relief under § 2255. *See United States v. Caver*, 470 F.3d 220, 250 (6th Cir. 2006). But motions brought under § 2255 are subject to a one-year statute of limitations period. Except in circumstances not present here, the limitations period begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).

Generally, a conviction becomes final upon conclusion of direct review. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004) (citing *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002)). But "when a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed." *Johnson v. United States*, 457 F. App'x 462, 464 (6th Cir. 2012) (citing *Sanchez-Castellano*, 358 F.3d at 426-27). That period was 14 days after entry of the October 28, 2015 judgment (ECF No. 10), or November 11, 2015. *See* Fed. R. App. P. 4(b)(1)(A). Thus, Reed's request filed on March 15, 2019 is barred by the applicable one-year statute of limitations.

Accordingly, Reed's motion seeking relief for ineffective assistance counsel is DENIED.

IT IS SO ORDERED.

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE

Date: April 1, 2019

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, April 1, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

s/William Barkholz
Case Manager